# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES T. NEUBAUER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-767 NAB |
| | ) | |
| JENNIFER SACHSE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 7.] This matter is before the undersigned on Petitioner's *pro se* request for leave to file "amicus briefs from [his] associates" and "affidavits from witnesses" and for additional time to conduct caselaw research. [Doc. 11.] Respondent has not filed a response and the time to do so has passed.

Finding no basis upon which to allow the filing of amicus briefs from Petitioner's associates, the Court will deny the request. The Court will construe Petitioner's request to file witness affidavits as a motion to expand the record. "If a petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The judge may require that the materials be authenticated. Rule 7(b). "When a petitioner seeks to introduce evidence pursuant to this rule, the conditions prescribed by 28 U.S.C. § 2254(e)(2) must still be met." *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007). Section 2254(e)(2) provides that:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not [allow the applicant to expand the record] on the claim unless the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or a factual predicate that could not have been previously discovered through the exercise of due diligence; and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). "Federal courts may … supplement the state record only in extraordinary circumstances because of the obligation to defer to state courts' factual determinations." *Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002).

Petitioner requests leave to file affidavits from witnesses but does not identify the witnesses, describe the nature of their testimony, or provide the affidavits. The undersigned finds that Petitioner has not met his burden for expansion of the record under Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2254(e)(2). Therefore, the undersigned will deny Petitioner's motion to expand the record.

Finally, Petitioner requests additional time to conduct caselaw research. The undersigned will grant Petitioner ninety days.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's request for leave to file amicus briefs from his associates is **DENIED**. [Doc. 11.]

**IT IS FURTHER ORDERED** that Petitioner's motion to expand the record is **DENIED**. [Doc. 11.]

**IT IS FINALLY ORDERED** that Petitioner's request for additional time to conduct caselaw research is **GRANTED**. [Doc. 11.] Petitioner shall have ninety (90) days from the date of this order to supplement his reply with caselaw in support of his petition for a writ of habeas corpus.

Dated this 25th day of October, 2016.

        /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE