UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES NEUBAUER, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 4:16-CV-00767-NAB |
| v. ) | |
| ) | |
| JENNIFER SACHSE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Charles Neubauer's ("Neubauer" or "Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent filed a response to the Petition. (Doc. 9). Neubauer filed a traverse. (Doc. 10). Also before the Court is Petitioner's *pro se* Motion to Vacate and Remand for New Trial (Doc. 25), which the Court is interpreting as a request to rule on the pending habeas petition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 5). For the reasons set forth below, Neubauer's petition for writ of habeas corpus will be denied.

**I. Background**

Neubauer is currently an inmate at the Missouri Eastern Correctional Center in Pacific, Missouri. He was charged with two counts of statutory sodomy in the first degree with a victim less than fourteen years of age, and to one count of statutory sodomy in the second degree. On October 2, 2012, Petitioner pleaded guilty in the Circuit Court of Lincoln County, Missouri, pursuant to a plea bargain, to these counts. The plea agreement provided that the state would not

recommend sentences higher than fifteen years on counts one and two, even though the offenses were potentially punishable under Missouri law by life imprisonment, and no more than seven years on count three, which was the statutory maximum sentence. Petitioner admitted at his plea hearing that he had deviate sexual intercourse with C.A.B. ("Victim") by placing Victim's penis in Petitioner's mouth, and by placing Petitioner's penis in Victim's anus. The court examined Neubauer, found that his plea was knowing and voluntary, and subsequently sentenced him to concurrent sentences of fifteen years on counts one and two, and seven years on count three.

Neubauer filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, in which he challenged only his guilty plea to the second-degree offense for which he received the seven year sentence. (Doc. 9-2 at 56). On June 2, 2014, through counsel, Neubauer filed his amended motion for post-conviction relief. *Id*. Neubauer asserted that his guilty plea was not knowing and voluntary because the court failed to require that a sufficient factual basis existed to support his plea to the charge of statutory sodomy in the second degree. *Id*. at 64. That motion was subsequently denied. *Id*. at 71. Neubauer appealed to the Missouri Court of Appeals, (Doc. 9-3), which affirmed the motion court's ruling and denied Neubauer's appeal. (Doc. 9-5).

Neubauer subsequently filed a *pro se* petition for writ of habeas corpus in this Court, raising seven claims: Ground One, that his trial counsel was ineffective for "misleading" Neubauer into pleading guilty;[1] Ground Two, that Lincoln County had no jurisdiction and was not the proper venue; Ground Three, that plea bargaining is inherently unconstitutional; Ground Four, that Neubauer was "arrested, questioned, charged, and jailed" based on the improperly inefficient and

---

[1] It is not entirely clear what Petitioner is alleging in Ground One. He seems to be suggesting that his counsel was generally not effective, and implies that he would not have pleaded guilty if counsel had performed more to Neubauer's liking. He asserts that his attorney did not "challenge any evidence," and was "judgmental and biased" to Neubauer.

biased performance of the police officers who investigated the charges against him; Ground Five, that Neubauer perjured himself when he pleaded guilty; Ground Six, that his plea counsel violated attorney-client privilege by sharing some unspecified confidential information with the court and prosecutor when arguing for a lighter sentence; and Ground Seven, that the prosecutor should be presumed to have been vindictive toward Neubauer because he allegedly would have pursued a life sentence had the case proceeded to trial. (Doc. 1).

## II. Standard of Review

### A. Standard for Reviewing Habeas Corpus Claims on the Merits

A federal judge may issue a writ of habeas corpus freeing a state prisoner, if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, the judge may not issue the writ if an adequate and independent state-law ground justified the prisoner's detention, regardless of the federal claim. *See Wainwright v. Sykes*, 433 U.S. 72, 81-88 (1977).

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by the AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under the AEDPA, a federal court may not grant relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "[A] state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted); *see also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (noting that state court factual findings are presumed correct unless the habeas petitioner rebuts them through clear and convincing evidence) (citing 28 U.S.C. § 2254(e)(1)).

**B. Procedural Default**

To preserve a claim for federal habeas review, a state prisoner must present that claim to the state court and allow that court the opportunity to address the claim. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992) and *Abdullah v. Groose*, 75 F.3d 408, 411

(8th Cir. 1996) (en banc)). "The procedural default doctrine and its attendant 'cause and prejudice' standard are 'grounded in concerns of comity and federalism,' *Coleman*, 501 U.S. at 730, and apply alike whether the default in question occurred at trial, on appeal, or on state collateral attack. *Murray v. Carrier*, 477 U.S. 478, 490-92 (1986).

To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Id.* at 488. To establish prejudice, a petitioner must demonstrate that the claimed errors "worked to his *actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.*" *United States v. Frady*, 456 U.S. 152, 170 (1982). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "'present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

### III. Discussion

At the outset of the Court's analysis of Neubauer's petition, the Court notes that Respondent argues that all of Petitioner's claims are procedurally barred, as Neubauer did not present any of them to any state court. It is not entirely clear whether Neubauer is asserting any basis for avoiding this procedural bar by attempting to demonstrate legally sufficient cause for the default and actual prejudice resulting from the same. Throughout his petition he asserts that he does not know whether his claims were presented to any state court, and in one instance asserts that if any claims were not properly presented, it must be due to "ineffective" counsel. Respondent argues that "the record creates a strong inference that Neubauer made a strategic decision not to raise the claims," as he had little incentive to risk overturning his extremely favorable plea bargain when the alternative result could be a life sentence. (Doc. 9 at 2-3). The Court finds this argument

5

quite persuasive. Indeed, it seems to the Court that it would have been unwise for Neubauer to have challenged his conviction on Counts One and Two, for which he received a fifteen-year sentence, even though the offenses were punishable under Missouri law by life imprisonment or a potentially unlimited term of years. In any event, rather than undertake a protracted analysis of whether Petitioner can overcome this procedural bar by demonstrating legally sufficient cause for the default and actual prejudice resulting from the same, the Court will simply bypass the issue and address his claims, because it is clear they warrant no relief. *See Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) (although procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if they are easily resolved); *see also Chambers v. Bowersox*, 157 F.3d 560, 564 n.4 (8th Cir. 1998) ("the simplest way to decide a case is often the best"). Additionally, Congress has authorized courts to consider and dismiss procedurally barred grounds if a court concludes that they are without merit. *See* 28 U.S.C. § 2254(b)(2). The Court will turn now to each of Petitioner's grounds for relief.

### A. Grounds One and Five: Trial Counsel Was Ineffective

In Ground One, Neubauer claims that his counsel was ineffective for "misleading" Neubauer into pleading guilty, thereby leading to a guilty plea that was unknowing and involuntary. As noted above, it is not entirely clear in what manner Petitioner's plea counsel's performance is alleged to have been deficient. Petitioner generally alleges that his counsel "provided limited representation . . . false representation and misdirection which misled [Petitioner] to agree to this plea deal," and that he "didn't challenge any evidence [and] was judgmental and biased to [Petitioner] and witnesses." (Doc. 1 at 5). The Court will consider Ground Five with Ground One, as the two claims are similar in nature. In Ground Five, Neubauer contends that he committed perjury when he admitted to committing the crimes with which he was

charged and to which he pleaded guilty. He alleges that he lied when pleading guilty because his attorney "finagled" him to do so by exerting "forceful influence" over him. *Id*. at 12.

After a guilty plea, collateral review of the plea "is ordinarily confined to whether the guilty plea was both counseled and voluntary." *Pennington v. United States*, 374 F. Supp. 2d 813, 816 (E.D. Mo. 2005) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)). A plea is voluntary if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In the context of a guilty plea, a defendant who pleaded guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Hill*, 474 U.S. at 56-57. The Supreme Court has held that the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 689 (1984), applies to ineffective assistance claims in the guilty plea context. *Hill*, 474 U.S. at 57-59. To satisfy the first "deficient performance" prong, the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 57. To satisfy the second prong in the guilty plea context, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. Furthermore, "[w]hile a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). "[C]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Thompson v. United States*, 872 F.3d 560, 567 (8th Cir. 2017).

Neubauer's plea colloquy clearly indicates that his plea was knowing and voluntary. The trial judge asked Neubauer whether he had "plenty of time to consult with [his attorney] regarding these charges and the effect of pleading guilty to them." Neubauer replied, "Yes." (Doc. 9-2 at 39). When asked whether he was "satisfied with the legal services that [his attorney] provided, Neubauer again stated, "Yes, sir." *Id*. The Court then accurately described all the offenses with which Neubauer was charged and to which he was pleading guilty, and asked Neubauer whether "that is what you understood you are pleading guilty to," and he answered, "Yes, sir." *Id*. at 40. The Court then explained the range of punishment for the offenses, described the plea agreement that was being contemplated, and asked Neubauer whether this accurately captured his understanding, and Neubauer again stated, "Yes, sir." *Id*. Additionally, Neubauer's written and signed plea agreement states that he had all the time he needed to talk to counsel, counsel did everything he asked, and did nothing Neubauer did not want him to do. Resp't Ex. 2 at 27).

The Court finds that Neubauer's testimony at his plea hearing, together with his written representations in his plea agreement, establish that his plea was voluntary and that he was satisfied at the time with his attorney's performance. Neubauer implies that his counsel's purportedly deficient performance frustrated him, thus indirectly contributing to his strategic decision to plead guilty rather than go to trial. However, the record strongly suggests that Neubauer accepted the plea agreement, and proceeded to plead guilty, not because of inaccurate advice or improper pressure from his counsel, but rather, to avoid a sentence that potentially could have been much longer than the one he received. Therefore, Neubauer has not established that, were it not for his counsel's alleged errors, he would not have pleaded guilty and would have proceeded to trial. The Court will deny relief on Grounds One and Five.

**B. Ground Two: Lincoln County had no Jurisdiction and was not the Proper Venue**

Neubauer pleaded guilty and was sentenced in Lincoln County, Missouri, with no objection at the time. However, now, in Ground Two of his petition, Neubauer alleges that Lincoln County had no jurisdiction and was not the proper venue for his criminal case.

Under Missouri law, venue and jurisdiction in a criminal case is a matter that must be challenged before trial, and any complaint about the same is waived by appearing without objection. *See State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. 1992). Additionally, the question of whether a state court properly has jurisdiction or is the correct venue is "solely [one] of state law and is therefore not properly before this Court." *Poe v. Caspari*, 39 F.3d 304, 207 (8th Cir. 1994). This issue, then, does not raise a cognizable issue that a federal habeas court may correct. Violations of state law generally are not cognizable under 28 U.S.C. § 2254. Rather, improprieties and errors in state criminal proceedings may be entertained by a federal habeas court only if such errors rise to the level of fundamental unfairness, in violation of the prisoner's due process rights under the Fourteenth Amendment. "[H]abeas review does not lie to correct alleged errors of state law."). *Middleton v. Roper*, 498 F.3d 812, 820 (8th Cir. 2007) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Because his second ground for relief raises only issues of state law, this Court will deny Ground Two of Neubauer's petition.

**C. Ground Three: Plea Bargaining is Inherently Unconstitutional**

In Ground Three, Neubauer contends that the plea-bargaining system is inherently unconstitutional. The plea-bargaining system is an essential part of the administration of justice. *See Santobello v. New York*, 404 U.S. 257, 266 (1971). As the Court in *Santobello* noted, "[d]isposition of charges after plea discussions is not only an essential part of the process but a

highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; [and] it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release." *Id*. at 260-61; *see also Newton v. Rumery*, 480 U.S. 386, 393 (1987) (plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights).

The Court finds this claim to be without merit in light of *Santobello* and *Newton*, and will deny relief on Ground Three.

**D. Ground Four: Neubauer was "Arrested, Questioned, Charged, and Jailed" Based on an Improperly Inefficient and Biased Investigation**

In Ground Four, Neubauer alleges that he was arrested based on an inefficient and biased investigation by the police. He does not provide further illumination as to how this allegedly inefficient investigation may have violated either the Constitution or clearly established federal law. In any event, the Court notes that Neubauer pleaded guilty to the charges against him. "A guilty plea represents a break in the chain of events which had preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he was charged, he may not thereafter raise independent claims relating to the deprivation of Constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also O'Leary v. United States*, 856 F.2d 1142, 1143 (8th Cir. 1988) (a defendant who pleads guilty "waives all challenges that do not relate to jurisdiction")

Neubauer is therefore barred from bringing this claim. In addition, the Court does not find any evidence in the record to support Neubauer's allegations. The Court will deny relief on Ground Four.

### E. Ground Six: Counsel Violated Attorney-Client Privilege

In Ground Six, Neubauer contends that his plea counsel violated the attorney-client privilege by sharing with the judge and prosecutor certain unspecified confidential information pertaining to Neubauer's "juvenile and DYS [Department of Youth Services]" history. (Doc. 1 at 12). Plea counsel called a mitigation expert who argued that based on Neubauer's troubled childhood, he should be placed on probation rather than having his sentence executed. Resp't Ex. 2 at 43-48. While not entirely clear, Neubauer is presumably referring to the sharing of certain information related to this testimony. There is no evidence in the record indicating that Neubauer ever complained about this, or believed the mitigation testimony to be anything other than a good strategic choice. As Respondent argues, it is implausible that Neubauer discussed his childhood with the mitigation expert, knowing that she was to testify on his behalf, and then was surprised that she did proceed to share that information with the court while testifying on his behalf.

In any event, Ground Six does not state a claim for federal habeas relief. The attorney-client privilege is a creation of common law, not the Constitution, and a violation of the privilege at the state court level does not state a cognizable habeas claim. *See Silva v. Roden*, 52 F.Supp.3d 209, 233 (D. Mass. 2014), quoting *Lange v. Young*, 869 F.2d 1008, 1012 n.2 (7th Cir. 1989); *see also Sanborn v. Parker*, 629 F.3d 554, 576-77 (6th Cir. 2010) (finding that violation of attorney-client privilege is "not a violation of the Constitution or its laws and treaties," and is therefore not a basis for federal habeas relief); *Partington v. Gedan*, 961 F.2d 852, 863 (8th Cir. 1992) ("[T]he attorney-client privilege is merely a rule of evidence; it has not yet been held a constitutional right.") (citations omitted). Furthermore, to the extent Neubauer's claim could be interpreted as an argument that the purported violation of attorney-client privilege somehow violated his Sixth Amendment right to counsel, and he makes no such explicit argument, that claim too must fail. A

violation of the attorney-client privilege implicates the Sixth Amendment right to counsel only when the government interferes with the relationship between a criminal defendant and his attorney, and any such interference must substantially prejudice the defendant. *See Weatherford v. Bursey*, 429 U.S. 545, 553-558 (1977). There is nothing in the record to indicate that the government interfered with Neubauer's relationship with his counsel.

Neubauer has not purported to identify any violation of a federal constitutional standard, and has not established that he is entitled to habeas relief due to plea counsel's alleged violation of attorney-client privilege. The Court will deny relief on Ground Six.

**F. Ground Seven: Prosecutor is Presumed Vindictive**

In Ground Seven, Neubauer argues that the Court must presume that the prosecutor in his case was unconstitutionally vindictive, because defense counsel informed Neubauer that he faced a potential life sentence if he went to trial. (Doc. 1 at 12). This claim seems to be a variant of Ground Three, in which Neubauer asserts that plea-bargaining is inherently unconstitutional.

The Sixth Amendment guarantees the right to trial by jury, and a court may not allow a person to be penalized for exercising a right guaranteed under the Constitution. See *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) ("To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort."). However, as discussed *supra*, plea bargains, which often require a defendant to choose between going to trial and pleading guilty in order to receive a reduced sentence, are an important and constitutional part of the criminal justice system. *See Corbitt v. New Jersey*, 439 U.S. 212, 218-19 (1978) ("[T]here is no *per se* rule against encouraging guilty pleas."). Furthermore, the Supreme Court has held that "a guilty plea may justify leniency in sentencing," that a "prosecutor may offer a recommendation of a lenient sentence or a reduction of charges as part of the plea bargaining process," and that a prosecutor

12

may "threaten[ ] a defendant with increased charges if he does not plead guilty." *Alabama v. Smith*, 490 U.S. 794, 802 (1989) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970); *Bordenkircher*, 434 U.S. at 363 (internal quotations omitted).

Neubauer has failed to demonstrate that his prosecutor acted with any actual vindictiveness, and nothing in the record indicates that such was the case. The Court will deny relief on Ground Seven.

## IV. Conclusion

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The Court finds that reasonable jurists could not differ on Petitioner's claims, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Remand Case to State Court (Doc. 25) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

Dated this 25th day of June, 2019.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE